## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|                              |   |                            |
|------------------------------|---|----------------------------|
|                              | : |                            |
| **UNITED STATES OF AMERICA** | : | **CASE NO. 3:14cr189 (AVC)** |
|                              | : |                            |
| **v.**                       | : |                            |
|                              | : |                            |
| **MICHAEL LOMBARDO Jr.**     | : | **December 11, 2014**      |
|                              | : |                            |

## GOVERNMENT'S SENTENCING MEMORANDUM

## <u>Introduction</u>

On September 11, 2014 the defendant pleaded guilty to one felony count of wire fraud.   The PSR concluded that the total offense level is 18, the CHC is I, and the defendant is exposed to a term of incarceration of 27-33 months.[1]   PSR ¶¶ 32, 63. This calculation mirrors the estimation contained the plea agreement.   After reviewing the amended Presentence Report, the government believes that there are no disputed issues of law or fact in this case.   The Court must determine what is a fair and just sentence under 18 U.S.C. § 3553(a).

For the reasons stated below and in light of the issues raised in the defendant's memorandum, the government believes a fair and just sentence that includes at least a year of incarceration is warranted in this case.   The defendant has already agreed to be permanently barred from participating in the regulated financial industry.

---

[1] At sentencing, because the defendant has assisted authorities by timely notifying the Government of his intention to plead guilty, the Government intends to make an oral motion that the Court award the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

His term of supervised release should prohibit him from assuming positions of financial responsibility.   The Court should also impose a restitution order for $191,068.73.

Sentencing is scheduled for December 17, 2014.

## Discussion

The defendant worked as financial advisor and defrauded over twenty of his clients out of over $191,000.   These funds principally were taken from the victim's retirement accounts over the course of about a year.   While many of the victims were the defendant's clients, some were his own relatives.

The defendant's scheme was not particularly complicated.   He submitted fraudulent requests via fax to disburse a portion of the victims' retirement account. He requested that a disbursement check be sent to him, typically by overnight mail.   After the defendant received the check, he forged the victim's signature on the back of the check and deposited the money into his personal bank account.   He subsequently used the funds for his own benefit.   It appears that the money was spent on lifestyle expenses for the defendant's family.

Specifically, with respect to the count of conviction, on September 19, 2011, the defendant sent a fax from Connecticut to another state requesting that $9609.52 be withdrawn from a Roth IRA account belonging to a client.   A handwritten notation on the fax transmission instructed the recipient to "overnight to Westport."   Once the defendant received the check, he forged the client's signature on the back of the check and deposited the funds in his own bank

account.   He thereafter used these funds for personal expenditures.

Further, it is apparent that the defendant made efforts to cover up his scheme.   PSR ¶ 10.   When questioned about missing funds, the defendant sometimes informed victims it was just a mistake.   He provided some of the victims with fake copies of their tax forms and account balance sheets. Some of his victims indicated that they had a low degree of financial sophistication.

After being confronted by law enforcement officers and retaining a lawyer, the defendant quickly admitted his guilt and accepted responsibility for his actions.

Letters from the victims and interviews with some of them revealed that the defendant's crime had varying impact.   One victim indicated that the defendant was calculating, but also said he/she felt sad for the defendant's wife and children. The victim indicated that the defendant should pay his debt to society.   Another victim expressed his/her panic and fear that the life savings they entrusted to the defendant would be gone.   Another victim wrote that the crime had very little affect on his/her life and that they have been compensated by the defendant's employer.   Some of the victims indicated that they were relatively financially unsophisticated and felt that the defendant took advantage of their lack of knowledge.   Another victim noted that the defendant defrauded his family after the defendant learned his father passed away.   Some of the victims expressed frustration with the defendant's employer for the type of investment vehicles they were sold.   All of the victims have been compensated by the defendant's former employer.

## <u>Conclusion</u>

After considering the Sentencing Guidelines and the other sentencing factors under 18 U.S.C. § 3553(a), the Court should impose a sentence that includes a one-year term of incarceration.    The Court should include a term of supervised release that prohibits the defendant from working in any position in which he has access to or control over other people's money.    Finally, the judgment must order the defendant to pay $191,068.73 in restitution. Such payment should be made to his former employer since it compensated the individual victims.


Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

        /s

RAY MILLER
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT 20451
157 CHURCH STREET, 23RD FLOOR
NEW HAVEN, CT 06510
(203) 821-3700

<u>CERTIFICATE OF SERVICE</u>

This is to certify that on December 11, 2014 a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.   Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.   Parties may access this filing through the Court's CM/ECF System.

/s

Ray Miller
Assistant U.S. Attorney