

**BrokerCheck Report**
# MICHAEL THOMAS LOMBARDO
CRD# 4091665

Report #45521-16978, data current as of Thursday, December 11, 2014.

| Section Title | Page(s) |
|---|---|
| Report Summary | 1 |
| Broker Qualifications | 2 - 3 |
| Registration and Employment History | 4 |
| Disclosure Events | 5 |



**About BrokerCheck®**

BrokerCheck offers information on all current, and many former, registered securities brokers, and all current and former registered securities firms. FINRA strongly encourages investors to use BrokerCheck to check the background of securities brokers and brokerage firms before deciding to conduct, or continue to conduct, business with them.

- **What is included in a BrokerCheck report?**
  BrokerCheck reports for individual brokers include information such as employment history, professional qualifications, disciplinary actions, criminal convictions, civil judgments and arbitration awards. BrokerCheck reports for brokerage firms include information on a firm's profile, history, and operations, as well as many of the same disclosure events mentioned above.
  Please note that the information contained in a BrokerCheck report may include pending actions or allegations that may be contested, unresolved or unproven. In the end, these actions or allegations may be resolved in favor of the broker or brokerage firm, or concluded through a negotiated settlement with no admission or finding of wrongdoing.
- **Where did this information come from?**
  The information contained in BrokerCheck comes from FINRA's Central Registration Depository, or CRD® and is a combination of:
    o information FINRA and/or the Securities and Exchange Commission (SEC) require brokers and brokerage firms to submit as part of the registration and licensing process, and
    o information that regulators report regarding disciplinary actions or allegations against firms or brokers.
- **How current is this information?**
  Generally, active brokerage firms and brokers are required to update their professional and disciplinary information in CRD within 30 days. Under most circumstances, information reported by brokerage firms, brokers and regulators is available in BrokerCheck the next business day.
- **What if I want to check the background of an investment adviser firm or investment adviser representative?**
  To check the background of an investment adviser firm or representative, you can search for the firm or individual in BrokerCheck. If your search is successful, click on the link provided to view the available licensing and registration information in the SEC's Investment Adviser Public Disclosure (IAPD) website at http://www.adviserinfo.sec.gov. In the alternative, you may search the IAPD website directly or contact your state securities regulator at http://www.finra.org/Investors/ToolsCalculators/BrokerCheck/P455414.
- **Are there other resources I can use to check the background of investment professionals?**
  FINRA recommends that you learn as much as possible about an investment professional before deciding to work with them. Your state securities regulator can help you research brokers and investment adviser representatives doing business in your state.

Thank you for using FINRA BrokerCheck.



Using this site/information means that you accept the FINRA BrokerCheck Terms and Conditions. A complete list of Terms and Conditions can be found at

brokercheck.finra.org



For additional information about the contents of this report, please refer to the User Guidance or www.finra.org/brokercheck. It provides a glossary of terms and a list of frequently asked questions, as well as additional resources. For more information about FINRA, visit www.finra.org.

**MICHAEL T. LOMBARDO**
CRD# 4091665

This broker is not currently registered.

## Report Summary for this Broker



This report summary provides an overview of the broker's professional background and conduct. Additional information can be found in the detailed report.

### Broker Qualifications

This broker is not currently registered.

This broker has passed:
- 0 Principal/Supervisory Exams
- 1 General Industry/Product Exam
- 1 State Securities Law Exam

### Registration History

This broker was previously registered with the following securities firm(s):

DAVID LERNER ASSOCIATES, INC.
CRD# 5397
WESTPORT, CT
10/2002 - 03/2014

PAINEWEBBER INCORPORATED
CRD# 8174
WEEHAWKEN, NJ
03/2000 - 02/2001

FIRST REPUBLIC GROUP, LLC
CRD# 39781
NEW YORK, NY
01/2000 - 02/2000

### Disclosure Events

All individuals registered to sell securities or provide investment advice are required to disclose customer complaints and arbitrations, regulatory actions, employment terminations, bankruptcy filings, and criminal or civil judicial proceedings.

Are there events disclosed about this broker?  Yes

The following types of disclosures have been reported:

| Type | Count |
| --- | --- |
| Regulatory Event | 1 |
| Customer Dispute | 3 |
| Termination | 1 |

©2014 FINRA. All rights reserved.    Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                                                    1

**Broker Qualifications**

FINRA

### Registrations

This section provides the self-regulatory organizations (SROs) and U.S. states/territories the broker is currently registered and licensed with, the category of each license, and the date on which it became effective. This section also provides, for every brokerage firm with which the broker is currently employed, the address of each branch where the broker works.

This broker is not currently registered.

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.

## Broker Qualifications



### Industry Exams this Broker has Passed

This section includes all securities industry exams that the broker has passed. Under limited circumstances, a broker may attain a registration after receiving an exam waiver based on exams the broker has passed and/or qualifying work experience. Any exam waivers that the broker has received are not included below.

**This individual has passed 0 principal/supervisory exams, 1 general industry/product exam, and 1 state securities law exam.**

### Principal/Supervisory Exams

| Exam | Category | Date |
|---|---|---|
| No information reported. | | |

### General Industry/Product Exams

| Exam | Category | Date |
|---|---|---|
| General Securities Representative Examination | Series 7 | 01/04/2000 |

### State Securities Law Exams

| Exam | Category | Date |
|---|---|---|
| Uniform Combined State Law Examination | Series 66 | 03/20/2000 |

Additional information about the above exams or other exams FINRA administers to brokers and other securities professionals can be found at www.finra.org/brokerqualifications/registeredrep/.

## Registration and Employment History



### Registration History

The broker previously was registered with the following firms:

| Registration Dates | Firm Name | CRD# | Branch Location |
|---|---|---|---|
| 10/2002 - 03/2014 | DAVID LERNER ASSOCIATES, INC. | 5397 | WESTPORT, CT |
| 03/2000 - 02/2001 | PAINEWEBBER INCORPORATED | 8174 | WEEHAWKEN, NJ |
| 01/2000 - 02/2000 | FIRST REPUBLIC GROUP, LLC | 39781 | NEW YORK, NY |

### Employment History

This section provides up to 10 years of an individual broker's employment history as reported by the individual broker on the most recently filed Form U4.

**Please note that the broker is required to provide this information only while registered with FINRA or a national securities exchange and the information is not updated via Form U4 after the broker ceases to be registered. Therefore, an employment end date of "Present" may not reflect the broker's current employment status.**

| Employment Dates | Employer Name | Employer Location |
|---|---|---|
| 09/2002 - Present | DAVID LERNER ASSOCIATES | DARIEN, CT |

### Other Business Activities

This section includes information, if any, as provided by the broker regarding other business activities the broker is currently engaged in either as a proprietor, partner, officer, director, employee, trustee, agent or otherwise. This section does not include non-investment related activity that is exclusively charitable, civic, religious or fraternal and is recognized as tax exempt.

No information reported.

©2014 FINRA. All rights reserved.    Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                    4

**Disclosure Events**



What you should know about reported disclosure events:

1. All individuals registered to sell securities or provide investment advice are required to disclose customer complaints and arbitrations, regulatory actions, employment terminations, bankruptcy filings, and criminal or civil judicial proceedings.

2. **Certain thresholds must be met before an event is reported to CRD, for example:**
   - A law enforcement agency must file formal charges before a broker is required to disclose a particular criminal event.
   - A customer dispute must involve allegations that a broker engaged in activity that violates certain rules or conduct governing the industry and that the activity resulted in damages of at least $5,000.

3. **Disclosure events in BrokerCheck reports come from different sources:**
   - As mentioned at the beginning of this report, information contained in BrokerCheck comes from brokers, brokerage firms and regulators. When more than one of these sources reports information for the same disclosure event, all versions of the event will appear in the BrokerCheck report. The different versions will be separated by a solid line with the reporting source labeled.

4. **There are different statuses and dispositions for disclosure events:**
   - A disclosure event may have a status of *pending, on appeal,* o r *final*.
     - A "pending" event involves allegations that have not been proven or formally adjudicated.
     - An event that is "on appeal" involves allegations that have been adjudicated but are currently being appealed.
     - A "final" event has been concluded and its resolution is not subject to change.
   - A final event generally has a disposition of *a djudicated, settled* or *otherwise resolved*.
     - An "adjudicated" matter includes a disposition by (1) a court of law in a criminal or civil matter, or (2) an administrative panel in an action brought by a regulator that is contested by the party charged with some alleged wrongdoing.
     - A "settled" matter generally involves an agreement by the parties to resolve the matter. Please note that brokers and brokerage firms may choose to settle customer disputes or regulatory matters for business or other reasons.
     - A "resolved" matter usually involves no payment to the customer and no finding of wrongdoing on the part of the individual broker. Such matters generally involve customer disputes.

For your convenience, below is a matrix of the number and status of disclosure events involving this broker. Further information regarding these events can be found in the subsequent pages of this report. You also may wish to contact the broker to obtain further information regarding these events.

|  | Pending | Final | On Appeal |
|---|---|---|---|
| Regulatory Event | 0 | 1 | 0 |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                                                                 5

| | | | |
|---|---|---|---|
| Customer Dispute | 0 | 3 | N/A |
| Termination | N/A | 1 | N/A |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                                                                 6



## Disclosure Event Details

When evaluating this information, please keep in mind that a disclosure event may be pending or involve allegations that are contested and have not been resolved or proven. The matter may, in the end, be withdrawn, dismissed, resolved in favor of the broker, or concluded through a negotiated settlement for certain business reasons (e.g., to maintain customer relationships or to limit the litigation costs associated with disputing the allegations) with no admission or finding of wrongdoing.

This report provides the information exactly as it was reported to CRD and therefore some of the specific data fields contained in the report may be blank if the information was not provided to CRD.

### Regulatory - Final

This type of disclosure event may involves (1) a final, formal proceeding initiated by a regulatory authority (e.g., a state securities agency, self-regulatory organization, federal regulatory such as the Securities and Exchange Commission, foreign financial regulatory body) for a violation of investment-related rules or regulations; or (2) a revocation or suspension of a broker's authority to act as an attorney, accountant, or federal contractor.

**Disclosure 1 of 1**

| | |
|---|---|
| **Reporting Source:** | Regulator |
| **Regulatory Action Initiated By:** | FINRA |
| **Sanction(s) Sought:** | |
| **Date Initiated:** | 04/03/2014 |
| **Docket/Case Number:** | 2014040513601 |
| **Employing firm when activity occurred which led to the regulatory action:** | DAVID LERNER ASSOCIATES, INC. |
| **Product Type:** | No Product |
| **Allegations:** | WITHOUT ADMITTING OR DENYING THE FINDINGS, LOMBARDO CONSENTED TO THE SANCTION AND TO THE ENTRY OF FINDINGS THAT HE MISAPPROPRIATED FUNDS FROM A CUSTOMER OF HIS MEMBER FIRM BY FORGING THE CUSTOMER'S SIGNATURE ON AN INDIVIDUAL RETIREMENT ACCOUNT (IRA) DISTRIBUTION REQUEST FORM. THE FINDINGS STATED THAT LOMBARDO TOOK DELIVERY OF THE IRA DISBURSEMENT CHECK, FORGED THE CUSTOMER'S SIGNATURE ON THE CHECK AND CONVERTED THE FUNDS TO HIS OWN USE. LOMBARDO ALSO CONVERTED ADDITIONAL FUNDS FROM OTHER FIRM CUSTOMERS. |
| **Current Status:** | Final |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.



| | |
|---|---|
| **Resolution:** | Acceptance, Waiver & Consent(AWC) |
| **Does the order constitute a final order based on violations of any laws or regulations that prohibit fraudulent, manipulative, or deceptive conduct?** | No |
| **Resolution Date:** | 04/03/2014 |
| **Sanctions Ordered:** | Bar (Permanent) |
| **If the regulator is the SEC, CFTC, or an SRO, did the action result in a finding of a willful violation or failure to supervise?** | No |
| **(1) willfully violated any provision of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, the Investment Company Act of 1940, the Commodity Exchange Act, or any rule or regulation under any of such Acts, or any of the rules of the Municipal Securities Rulemaking Board, or to have been unable to comply with any provision of such Act, rule or regulation?** | |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.



(2) willfully aided, abetted, counseled, commanded, induced, or procured the violation by any person of any provision of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, the Investment Company Act of 1940, the Commodity Exchange Act, or any rule or regulation under any of such Acts, or any of the rules of the Municipal Securities Rulemaking Board? or

(3) failed reasonably to supervise another person subject to your supervision, with a view to preventing the violation by such person of any provision of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940, the Investment Company Act of 1940, the Commodity Exchange Act, or any rule or regulation under any such Acts, or any of the rules of the Municipal Securities Rulemaking Board?

Sanction 1 of 1

| | |
|---|---|
| Sanction Type: | Bar (Permanent) |
| Capacities Affected: | ANY CAPACITY |
| Duration: | N/A |
| Start Date: | 04/03/2014 |
| End Date: | |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.



©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                         10



## Customer Dispute - Settled

This type of disclosure event involves a consumer-initiated, investment-related complaint, arbitration proceeding or civil suit containing allegations of sale practice violations against the broker that resulted in a monetary settlement to the customer.

**Disclosure 1 of 2**

| | |
|---|---|
| **Reporting Source:** | Firm |
| **Employing firm when activities occurred which led to the complaint:** | DAVID LERNER ASSOCIATES, INC. |
| **Allegations:** | MISAPPROPRIATION AND FORGERY |
| **Product Type:** | No Product |
| **Alleged Damages:** | $2,342.00 |
| **Is this an oral complaint?** | No |
| **Is this a written complaint?** | Yes |
| **Is this an arbitration/CFTC reparation or civil litigation?** | No |

### Customer Complaint Information

| | |
|---|---|
| **Date Complaint Received:** | 04/25/2014 |
| **Complaint Pending?** | No |
| **Status:** | Settled |
| **Status Date:** | 05/08/2014 |
| **Settlement Amount:** | $2,342.00 |
| **Individual Contribution Amount:** | $0.00 |
| **Firm Statement** | DAVID LERNER ASSOCIATES, INC ("DLA") NOTIFIED THE CLIENT OF THE FRAUDULENT ACTIVITY VIA PHONE AND LETTER DATED APRIL 15, 2014. REVIEW OF THE FORMER INVESTMENT COUNSELOR, MICHAEL LOMBARDO, ACCOUNTS REVEALED EVIDENCE OF APPARENTLY FRAUDULENT ACTIVITY IN THE ACCOUNT. MICHAEL LOMBARDO APPEARS TO HAVE (I) ALTERED A PREVIOUSLY EXECUTED DLA IRA DISTRIBUTION FORM, (II) TOOK DELIVERY OF THE DLA IRA DISBURSEMENT CHECK, (III) FORGED THE CLIENT'S SIGNATURE ON THE DLA IRA DISBURSEMENT CHECK, AND (IV) ENDORSED AND DEPOSITED THE CHECK INTO HIS PERSONAL CHECKING ACCOUNT. DLA HAS REIMBURSED THE CLIENT |



WITH INTEREST AS OF MAY 8, 2014.

| | |
|---|---|
| **Disclosure 2 of 2** | |
| **Reporting Source:** | Broker |
| **Employing firm when activities occurred which led to the complaint:** | DAVID LERNER ASSOCIATES, INC. |
| **Allegations:** | UNSUITABILITY |
| **Product Type:** | Real Estate Security |
| **Alleged Damages:** | $230,000.00 |
| **Arbitration Information** | |
| **Arbitration/CFTC reparation claim filed with (FINRA, AAA, CFTC, etc.):** | FINRA |
| **Docket/Case #:** | 12-04157 |
| **Date Notice/Process Served:** | 12/14/2012 |
| **Arbitration Pending?** | No |
| **Disposition:** | Settled |
| **Disposition Date:** | 09/16/2013 |
| **Monetary Compensation Amount:** | $35,000.00 |
| **Individual Contribution Amount:** | $0.00 |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.                    12



## Customer Dispute - Closed-No Action/Withdrawn/Dismissed/Denied

This type of disclosure event involves (1) a consumer-initiated, investment-related arbitration or civil suit containing allegations of sales practice violations against the individual broker that was dismissed, withdrawn, or denied; or (2) a consumer-initiated, investment-related written complaint containing allegations that the broker engaged in sales practice violations resulting in compensatory damages of at least $5,000, forgery, theft, or misappropriation, or conversion of funds or securities, which was closed without action, withdrawn, or denied.

### Disclosure 1 of 1

| | |
|---|---|
| Reporting Source: | Broker |
| Employing firm when activities occurred which led to the complaint: | DAVID LERNER ASSOCIATES, INC. |
| Allegations: | SOC INDICATES THAT PURCHASE OF SPIRIT OF AMERICA HIGH YEILD BOND FUND WAS MISREPRESENTED AND THEREFORE NOT SUITABLE. |
| Product Type: | Mutual Fund |
| Alleged Damages: | $90,000.00 |
| Is this an oral complaint? | No |
| Is this a written complaint? | Yes |
| Is this an arbitration/CFTC reparation or civil litigation? | No |

### Customer Complaint Information

| | |
|---|---|
| Date Complaint Received: | 10/15/2008 |
| Complaint Pending? | No |
| Status: | Closed/No Action |
| Status Date: | 12/10/2008 |
| Settlement Amount: | |
| Individual Contribution Amount: | |

©2014 FINRA. All rights reserved.   Report# 45521-16978 about MICHAEL T. LOMBARDO. Data current as of Thursday, December 11, 2014.

UNITED STATES OF AMERICA
Before the
SECURITIES AND EXCHANGE COMMISSION

ADMINISTRATIVE PROCEEDING
File No. B-02966

| | |
|---|---|
| In the Matter of | |
| | OFFER OF SETTLEMENT |
| Michael T. Lombardo, Jr. | OF MICHAEL T. LOMBARDO |
| | |
| Respondent. | |

I.

Michael T. Lombardo, Jr. ("Lombardo" or "Respondent"), pursuant to Rule 240(a) of the Rules of Practice of the Securities and Exchange Commission ("Commission") [17 C.F.R. § 201.240(a)] submits this Offer of Settlement ("Offer") in anticipation of public administrative proceedings to be instituted against him by the Commission, pursuant to Section 15(b) of the Securities Exchange Act of 1934 ("Exchange Act").

II.

This Offer is submitted solely for the purpose of settling these proceedings, with the express understanding that it will not be used in any way in these or any other proceedings, unless the Offer is accepted by the Commission. If the Offer is not accepted by the Commission, the Offer is withdrawn without prejudice to Respondent and shall not become a part of the record in these or any other proceedings, except for the waiver expressed in Section V with respect to Rule 240(c)(5) of the Commission's Rules of Practice [17 C.F.R. § 201.240(c)(5)].

III.

On the basis of the foregoing, the Respondent hereby:

A.  Admits the jurisdiction of the Commission over him and over the matters set forth in the Order Instituting Administrative Proceedings Pursuant to Section 15(b) of the Securities and Exchange Act of 1934, Making Findings, and Imposing Remedial Sanctions ("Order"), and the findings contained in paragraphs III.B.1, III.B.2, and III.B.3 below;

B.  Solely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission or in which the Commission is a party and prior to a hearing pursuant

to the Commission's Rules of Practice, 17 C.F.R. § 201.100 et seq., consents to the entry of an Order by the Commission containing the following findings and remedial sanctions set forth below:

1. Lombardo worked as a registered representative in the Westport, Connecticut office of David Lerner Associates, Inc. ("David Lerner") from September 2002 to March 2014. David Lerner, incorporated in New York in 1975, is a broker dealer that has been registered with the Commission since October 22, 1976.

2. On September 11, 2014, Lombardo pled guilty in the United States District Court for the District of Connecticut to one count of violating Title 18 U.S. Code Section 1343 (wire fraud) in a criminal action entitled *United States v. Lombardo*, Case No. 3:14-cr-00189-AVC-1.

3. In connection with his guilty plea, Lombardo admitted, inter alia, that he defrauded more than twenty clients of David Lerner by diverting a total of over $190,000.00 from their individual accounts for his personal use. Lombardo admitted that, as part of this scheme, he submitted fraudulent requests to disburse a portion of the retirement account of a client of David Lerner. He admitted that he requested that disbursement checks from the client's account be sent to him at David Lerner's Westport, CT office, forged the client's signature on the back of the checks, and then caused the checks to be deposited into his personal bank account where he would subsequently use the funds for his personal benefit.

## IV.

On the basis of the foregoing, Respondent hereby consents to the entry of an Order by the Commission imposing the following remedial sanctions:

Pursuant to Section 15(b)(6) of the Exchange Act that Respondent Lombardo be, and hereby is:

> barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization; barred from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer, or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock.

Any reapplication for association by the Respondent will be subject to the applicable laws and regulations governing the reentry process, and reentry may be conditioned upon a number of factors, including, but not limited to, the satisfaction of any or all of the following: (a) any disgorgement ordered against the Respondent, whether or not the Commission has fully or partially waived payment of such disgorgement; (b) any arbitration award related to the conduct that served as the basis for the Commission order; (c) any self-regulatory organization arbitration award to a customer, whether or not related to the conduct that served as the basis for the Commission order; and (d) any restitution order by a self-regulatory organization, whether or not related to the conduct that served as the basis for the Commission order.

V.

By submitting this Offer, Respondent hereby acknowledges his waiver of those rights specified in Rules 240(c)(4) and (5) [17 C.F.R. §201.240(c)(4) and (5)] of the Commission's Rules of Practice. Respondent also hereby waives service of the Order.

VI.

Respondent understands and agrees to comply with the terms of 17 C.F.R § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." As part of Respondent's agreement to comply with the terms of Section 202.5(e), Respondent acknowledges the guilty plea for criminal conduct described in the paragraph III.B.2 above, and: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any finding in the Order or creating the impression that the Order is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Respondent does not admit the findings of the Order, or that the Offer contains no admission of the findings; and (iii) upon the filing of this Offer of Settlement, Respondent hereby withdraws any papers previously filed in this proceeding to the extent that they deny, directly or indirectly, any finding in the Order. If Respondent breaches this agreement, the Division of Enforcement may petition the Commission to vacate the Order and restore this proceeding to its active docket. Nothing in this provision affects Respondent's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

VII.

Consistent with the provisions of 17 C.F.R. § 202.5(f), Respondent waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

VIII.

Respondent hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Respondent to defend against this action. For these purposes, Respondent agrees that Respondent is not the prevailing party in this action since the parties have reached a good faith settlement.

## IX.

Respondent states that he has read and understands the foregoing Offer, that this Offer is made voluntarily, and that no promises, offers, threats, or inducements of any kind or nature whatsoever have been made by the Commission or any member, officer, employee, agent, or representative of the Commission in consideration of this Offer or otherwise to induce him to submit to this Offer.

__11__ Day of __December__                 _____
                                                                    Michael T. Lombardo, Jr.

**STATE OF CONNECTICUT**        }
                               } SS:
**COUNTY OF FAIRFIELD**         }

The foregoing instrument was acknowledged before me this __11__ day of __December__, 2014, by Michael T. Lombardo, Jr., who ___ is personally known to me or ___ who has produced a Connecticut driver's license as identification and who did take an oath.

_____
Notary Public
State of Connecticut
Commission Number _Commissioner of the Superior Court_
Commission Expiration

4